*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1173**

State of Minnesota,
Respondent,

vs.

Aaron Louis Olson,
Appellant.

**Filed July 25, 2016
Reversed
Rodenberg, Judge**

Washington County District Court
File No. 82-VB-12-12765

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Rebecca Christensen, Lake Elmo City Attorney, Joseph Van Thomme, Assistant City Attorney, Eckberg Lammers, Stillwater, Minnesota (for respondent)

Aaron Louis Olson, Chisago City, Minnesota (pro se appellant)

Considered and decided by Rodenberg, Presiding Judge; Peterson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

On appeal from his conviction for driving after suspension of his driver's license, appellant Aaron Louis Olson argues that the evidence is insufficient to prove either that he was operating a motor vehicle or that he had effective notice of the suspension of his

driver's license. Because the state failed to prove beyond a reasonable doubt that appellant had reason to know of his driver's license suspension, we reverse.

**FACTS**

In July 2012, Washington County Detective Nicholas Loperfido approached a vehicle parked on a private-access road frequently used by individuals to watch movies projected on a nearby drive-in movie screen without paying to do so. The detective observed two people in the vehicle. He identified the person seated in the driver's seat as appellant, who produced a Wisconsin driver's license. Minnesota records revealed that appellant's Minnesota driver's license had been suspended. Detective Loperfido cited appellant for misdemeanor driving with a suspended license under Minn. Stat. § 171.24, subd. 1 (2010).

The state later certified the citation as a petty misdemeanor, and a court trial was held in July 2015.[1] At the outset of the trial, and in the context of attempting to make a motion to suppress evidence, appellant explained that he was attempting to resolve a 2007 citation from Ramsey County based on an erroneously-issued suspension of his driving privileges in 2006. Appellant claimed that he had understood the license-suspension issue to have been "administratively resolved" before the July 2012 citation was issued, but he admitted that he did not have any documentation supporting that claim. The district court declined to permit any pretrial motions, agreeing with the state that nothing "changed the fact that in 2012 in Lake Elmo, [appellant] didn't have a

---

[1] There were a number of pre-trial continuances, some of which concerned investigation into appellant's initial license suspension.

2

valid driver's license, even if he wasn't supposed to be suspended in the first place."

Appellant's request for a continuance was denied and the court trial began.

The district court asked whether the only trial issue was whether appellant was operating a vehicle with a suspended license in 2012. The prosecutor agreed, and appellant did not reply. The prosecutor indicated that the Department of Public Safety had "blown [her] off" and did not send her a certified copy of the notices that had been sent to appellant. At trial, the state relied on a certified copy of a record showing that appellant was cited for driving after suspension in 2007 as proof that appellant had reason to know that he was suspended in July 2012.

The only witness at trial was Detective Loperfido. Appellant did not testify, but argued in his own defense. The district court found appellant guilty of the charge, concluding that appellant had "reason to know" his license had been suspended because of the earlier citation in 2007, and that the circumstantial evidence permitted no reasonable inference other than that appellant had driven to the location where he was cited.

This appeal followed.[2]

## DECISION

Appellant argues that the evidence is insufficient to prove that he had notice of the suspension of his driver's license at the time of the 2012 citation. In reviewing the sufficiency of the evidence, we "review the evidence to determine whether the facts in

---

[2] The state did not file a responsive brief. We therefore consider the appeal on the merits under Minn. R. Civ. App. P. 142.03.

the record and the legitimate inferences drawn from them would permit the [fact-finder] to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010) (quotation omitted); *see also State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011) (stating that, when evaluating the sufficiency of evidence, the same standard of review applies to court trials as to jury trials). We assume that the fact-finder believed the state's witnesses and disbelieved any contrary evidence. *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013). The state must prove "the existence of every element of the crime charged" beyond a reasonable doubt. *State v. Auchampach*, 540 N.W.2d 808, 816 (Minn. 1995). We will not disturb the verdict if the fact-finder, "acting with due regard for the presumption of innocence" and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the crime charged. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004) (quotation omitted).

Appellant was convicted under Minn. Stat. § 171.24, subd. 1, which provides that a person is guilty of the offense of driving after suspension if:

> (1) the person's driver's license or driving privilege has been suspended;
> (2) the person has been given notice of or reasonably should know of the suspension; and
> (3) the person disobeys the order by operating in this state any motor vehicle, the operation of which requires a driver's license, while the person's license or privilege is suspended.

The state did not present any evidence of official notices of suspension sent to appellant, nor did the detective testify that appellant had any form of notice of his suspended license. The district court concluded that appellant "had reason to know that

4

[his] license had been suspended as early as 2007" when he had received a driving-after-suspension citation. But the district court based this determination not on any sworn testimony at trial, but on arguments that appellant made concerning his *lack* of notice of the suspension before the trial began. Because appellant's statements were not made under oath at trial, they are only available to be considered at trial if they qualify as a party admission under Minn. R. Evid. 801(d)(2)(A), or if they amount to a stipulation by appellant that he had reason to have notice of the suspension at the time of the 2012 citation. *See State v. Tayari-Garrett*, 841 N.W.2d 644, 656 (Minn. App. 2014) (holding that a prosecutor did not violate a defendant's privilege against self-incrimination when he told the jury that the defendant's unsworn statements during opening statements, cross-examination, and closing statements were not evidence to be considered during deliberations), *review denied* (Minn. Mar. 26, 2014).

Here, the state made no attempt to offer appellant's statements as evidence under Minn. R. Evid. 801(d)(2)(A). Appellant's arguments that he had properly challenged and resolved the 2007 citation do not amount to a stipulation to the notice element. To the contrary, appellant specifically disputed that element. Although the district court believed that suspension notices are automatically sent to a driver's last-known address, the trial record contains neither evidence of such a mailing to appellant, nor the content of any mailing that might have been sent. The prosecutor conceded that the state had no proof of mailing. The only witness at trial said nothing about notice to appellant. Because the state provided no evidence concerning the second element of the offense, and because appellant disputed that he had reason to know that his license was

5

suspended, the evidence is insufficient to prove beyond a reasonable doubt that appellant had "been given notice of or reasonably should know" that his license was suspended as of July 2012. Minn. Stat. § 171.24, subd. 1(2).

Because we reverse appellant's conviction for a failure of proof on the essential element of notice, we do not address appellant's additional argument that he was not operating the motor vehicle. *See State v. Bustos*, 861 N.W.2d 655, 667 (Minn. 2015) (declining to address additional arguments where resolution of one issue is dispositive of the case).

**Reversed.**